FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 30, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OLD REPUBLIC AEROSPACE, INC., <br><br> Plaintiff, <br><br> v. <br><br> TAMARACK AEROSPACE GROUP, INC., <br><br> Defendant. | NO: 2:20-CV-421-RMP <br><br> NO. 2:20-CV-060-RMP <br><br> ORDER DENYING WITH LEAVE TO RENEW PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT, without oral argument, is a Motion for Partial Summary Judgment, ECF No. 18, by Plaintiff Old Republic Aerospace, Inc. ("Old Republic"). Having reviewed Plaintiff's Motion and supporting declarations and exhibits, ECF Nos. 19, 20, and 21; Plaintiff's Statement of Material Facts, ECF No. 22; Defendant Tamarack Aerospace Group, Inc.'s ("Tamarack's") Response and supporting declarations and exhibits, ECF Nos. 24, 24-2, 24-3, 24-4, 24-5, and 24-6; Defendant's Statement of Material Facts, ECF No. 24-1; Plaintiff's Reply and supporting declaration and exhibit, ECF Nos. 25, 27, and 27-1; Plaintiff's reply

ORDER DENYING WITH LEAVE TO RENEW PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

Statement of Facts, ECF No. 26; the remaining record; and the relevant law; the Court is fully informed.

## BACKGROUND

The following facts are undisputed unless otherwise indicated.

On September 3, 2013, EstoAir, LLC ("EstoAir") executed an Order Deposit Contract with Tamarack to purchase the Tamarack ATLAS Winglets retrofit kit. ECF Nos. 24-5; 26 at 4. R. Wayne Estopinal executed the Order Deposit Contract on behalf of EstoAir, and the Contract identified a business address of 903 Spring Street, Jeffersonville, Indiana 47130. ECF No. 24-5 at 1, 9.

On January 10, 2018, EstoAir and Tamarack entered into a Purchase and Sale Agreement ("PSA") for the installation of the Winglets on a Cessna model 525A, airframe serial number 525A0449 ("Subject Airplane"). The PSA identifies Mr. Estopinal as EstoAir's manager, and Mr. Estopinal executed the agreement on behalf of EstoAir. ECF No. 24-5 at 14. Tamarack communicated with Mr. Estopinal, EstoAir's owner, with respect to the PSA at the street address 903 Spring Street, Jeffersonville, IN 47130 and at an email address for Mr. Estopinal. ECF Nos. 24-4 at 2; 26 at 4.

The Winglets were installed on the Subject Airplane on approximately May 28, 2018. ECF Nos. 24-1 at 3; 26 at 4.

On November 30, 2018, Mr. Estopinal, as well as Andrew Davis and Sandra Johnson, were passengers on the Subject Airplane, flying from Clark County

Regional Airport in Sellersburg, Indiana, with an intended destination of Chicago Midway International Airport in Chicago, Illinois. ECF Nos. 24-1 at 3; 26 at 4–5. The plane crashed in Indiana, and all three passengers were killed. *Id.* [1]

On June 1, 2019, Tamarack filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the U.S. Bankruptcy Court for this District, Case No. 19-01492 ("Tamarack's bankruptcy case"). The petition identified "EstoAir, Attn. R. Wayne Estopinal, 903 Spring Street, Jeffersonville, Indiana 47130" as a general unsecured creditor of Tamarack, with notice of the bankruptcy filing was mailed to: (1) "R. Wayne Estopinal, 903 Spring Street, Jeffersonville, IN 47130"; and (2) Estate of R. Wayne Estopinal, Thomas R. Rough, Esq. c/o Nolan Law Group, 209 N. Clark St., 30th Floor, Chicago, IL 60602-5094." ECF No. 24-2 at 2.

In a letter dated June 5, 2019, Old Republic wrote to Tamarack and its president, Brian Cox, to "formally place [Tamarack] on notice of a potential subrogation" claim on the basis that Old Republic had issued an insurance police to "TEG Architects, LLC" that provided physical damage coverage for an aircraft with the same serial number as the Subject Airplane and various liability coverages to the insured. ECF No. 20-1 at 4.

---

[1] The estates of the three individuals who died in the crash have filed suits that were consolidated into Case No. 20-cv-60-RMP by this Court.

On June 12, 2019, a claims manager from Starr Companies, Tamarack's insurer, acknowledged receipt of Old Republic's subrogation notice. ECF No. 20-2 at 2. The claims manager's confirmation email did not refer to Tamarack's bankruptcy case. *Id.* Rather, the claims manager wrote, "As we discussed [in our telephone conversation], we are currently investigation [sic] this matter and look forward with [sic] working with you." *Id.*

On June 26, 2019, the Estates of Mr. Estopinal, Mr. Davis, and Ms. Johnson (the "Plaintiff Estates") filed a Motion for Relief from Stay in Tamarack's bankruptcy case. The Bankruptcy Court ultimately issued an Agreed Order Granting Relief from Stay and Denying Motion to Waive Fed. R. Bankr. P. 4001(a)(3) that modified the stay "to allow the Decedents to proceed and prosecute claims against Tamarack in accordance with 28 U.S.C. § 157(b)(5) up to the policy limits of all applicable liability insurance policies providing insurance coverage for Tamarack." ECF No. 24-3 at 2–3.

On September 30, 2019, Tamarack's bankruptcy counsel sent by U.S. Mail copies of Tamarack's Disclosure Statement, Plan of Reorganization, Notice of Filing/Notice of Hearing, and List of Claims, all of which were filed in Tamarack's bankruptcy case, to: (1) R. Wayne Estopinal, 903 Spring Street, Jeffersonville, Indiana 47130; (2) The Estate of R. Wayne Estopinal, c/o Thomas P. Routh, Esq., Nolan Law Group, 20 N. Clark Street, 30th Floor, Chicago, IL 60602-5094; and (3)

EstoAir, LLC, Attn: R. Wayne Estopinal, 903 Spring Street, Jeffersonville, Indiana 47130. ECF Nos. 24-2 at 3; 24-3 at 6–7.

EstoAir did not file any Proof of Claim, timely or untimely, or move the Bankruptcy Court to lift the stay to pursue any legal claims arising from damage to the Subject Airplane. ECF Nos. 24-1 at 5; 26 at 5.

On March 2, 2020, the Bankruptcy Court entered a Debtor's Order Confirming Amended Plan of Reorganization ("Order Confirming Plan") that incorporates by reference the terms and provisions of the Amended Plan of Reorganization and provides in part that the Order Confirming Plan is binding on any holder of a claim against or interest in Tamarack "whether or not such holder has accepted the [Amended Plan of Reorganization], as well as any parties-in-interest with notice of this proceeding." ECF No. 24-3 at 31–48. The Amended Plan of Reorganization provides that the wrongful death claims raised by the Plaintiff Estates are allowed up to the extent of the insurance coverage and policies available to pay the claims. *See* ECF Nos. 24-1 at 6; 26 at 6. Tamarack asserts that the effect of the Order Confirming Plan is to prohibit litigation against Tamarack unless specifically authorized by the Amended Plan or the Bankruptcy Court. ECF No. 24-1 at 6. Old Republic disputes the effect of the Amended Plan. ECF No. 26 at 6.

Old Republic filed its Complaint in this matter, raising product liability and breach of express and implied warranty claims against Tamarack, on November 12, 2020. ECF No. 1.

On November 24, 2020, counsel for Tamarack sent counsel for Old Republic an email asserting:

> At the time the Complaint was filed and served upon my client, Old Republic had actual and constructive notice of Tamarack's Chapter 11 bankruptcy proceeding and the Order Confirming the Amended Plan of Reorganization (ECF No. 171). The filing and service of the Complaint by Old Republic is a violation of the Amended Plan Injunction and Order Confirming the Amended Plan of Reorganization. . . . If the Complaint is not dismissed by [November 30, 2020], I have been instructed to file a notice of appearance in the United States District Court proceeding and a motion to dismiss the Complaint.

ECF Nos. 19 at 1–2; 19-1 at 2–3.

In Tamarack's January 11, 2021 Answer to Old Republic's Complaint, Tamarack asserted the following affirmative defenses, among others:

> TWENTIETH AFFIRMATIVE DEFENSE
> The Causes of Action asserted in this lawsuit are barred by the doctrine of discharge under Title 11, U.S.C., pursuant to the Petition filed by Tamarack in the Bankruptcy Case and the Amended Plan confirmed by the Bankruptcy Court on March 2, 2020 (Dkt. 212).
>
> TWENTY-FIRST AFFIRMATIVE DEFENSE
> The claims set forth in Plaintiff's Complaint are barred pursuant to the provisions of the First Amended Plan of Reorganization of the Defendant Tamarack, and/or the Order of the United States Bankruptcy Court confirming the same, and / or provisions of 11 U.S.C. §1141(a).
>
> TWENTY-SECOND AFFIRMATIVE DEFENSE
> The claims set for in Plaintiff's Complaint are barred by the provisions of 11 U.S.C. §1141(d).

> **TWENTY-THIRD AFFIRMATIVE DEFENSE**
> To the extent the claims set fort [sic] in Plaintiff's Complaint arose pre-petition and /or prior to the Order of the United States Bankruptcy Court confirming the First Amended Plan of Reorganization, said claims are barred by the principles of collateral estoppel and res judicata.

ECF No. 17 at 9.

On the same day that Tamarack filed its Answer, Old Republic filed the instant Motion for Partial Summary Judgment seeking a ruling that the Order Confirming Plan filed in the Tamarack's bankruptcy case "does not bar Old Republic from continuing with this action." ECF No. 18 at 2.

After filing the instant Motion, the parties filed a Stipulated Motion to Consolidate in which they represent that Old Republic and the Plaintiff Estates in consolidated Case No. 20-cv-60-RMP agree to consolidation of the above-captioned case with Case No. 20-cv-60-RMP for discovery and motion purposes, with a separate trial date from the Plaintiff Estates' cases, and Tamarack agrees to the same while reserving the option to pursue further consolidation, including for trial, at a later date. ECF No. 28.

## LEGAL STANDARD

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the suit will

preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Parties opposing summary judgment must cite to "particular parts of materials in the record" establishing a genuine dispute. Fed. R. Civ. P. 56(c)(1).

## DISCUSSION

Old Republic seeks partial summary judgment that it is allowed to proceed with this action despite the Bankruptcy Court's Order Confirming Plan, a determination that would foreclose Tamarack's affirmative defenses twenty through twenty-three asserting that Old Republic's claims in this lawsuit are barred based on Tamarack's bankruptcy case. ECF Nos. 18 at 1; 25 at 8–9. Old Republic maintains that before it filed this lawsuit, it had not received any written notice from Tamarack concerning Tamarack's bankruptcy case. ECF No. 22 at 3. Old Republic argues that it became a "known creditor" of Tamarack by no later than June 5, 2019, and, as such, had a due process right to formal written notice of Tamarack's bankruptcy proceedings. ECF No. 18 at 2.

Tamarack responds that there are questions of material fact as to whether Old Republic was a known creditor entitled to actual notice in the Tamarack bankruptcy case and maintains that the Bankruptcy Court should adjudicate whether Old Republic was a known creditor. ECF No. 24 at 3. Tamarack emphasizes that there is no dispute that it provided notice to known creditor EstoAir. *Id.* Tamarack further argues that Old Republic has not supported its contention that it is the assignee and subrogee of EstoAir and TEG Architects with a copy of the insurance contract or any evidence of payment or assignment. ECF No. 24 at 4–5. Tamarack moves for an opportunity to conduct discovery in this case pursuant to Fed. R. Civ. P. 56(d), indicating that it would seek discovery regarding Old Republic's insurance policies with EstoAir and TEG Architects reciting any assignment and/or subrogation rights, "as well as the dates and terms of payment, including the specific date when Old Republic became an assignee/subrogee" of EstoAir and TEG Architects. ECF No. 24 at 12.

Old Republic counters that it is irrelevant whether Tamarack was aware of TEG Architects as a potential creditor because Tamarack was on notice by June 5, 2019, that Old Republic had a potential claim against Tamarack related to the crash, and, therefore there is no factual dispute as to whether Old Republic was a "known creditor" for purposes of requiring formal notice. ECF No. 25 at 6.

In bankruptcy proceedings, a debtor must file a list of all creditors known to the debtor along with a schedule of liabilities and assets. 11 U.S.C. § 521(1); *see*

*Levin v. Maya Constr. (In re Maya Constr. Co.)*, 78 F.3d 1395, 1398 (9th Cir. 1996). The bankruptcy court gives formal notice to all creditors on the list and advises how and by when to file a proof of claim. Fed. R. Bankr. P. 3002, 2002; *In re Maya Constr.*, 78 F.3d at 1398–99. Confirmation of the reorganization plan discharges the debtor from debt that arose before the date of the confirmation. 11 U.S.C. § 1141(d); *see also In re Maya Constr.*, 78 F.3d at 1399.

"Notwithstanding the broad language of 11 U.S.C. § 1141(d), due process demands that a creditor in a Chapter 11 case receive reasonable notice of a claims bar date before it is effective against the creditor." *Monster Content, LLC v. Homes.com, Inc.*, 331 B.R. 438, 442 (N.D. Cal. 2005) (citing *City of New York v. New York, New Haven & Hartford Railroad Co.*, 344 U.S. 293, 297 (1953)); *see also Shu Lun Wu v. May Kwan Si, Inc.*, 508 B.R. 606, 611–12 (S.D.N.Y. 2014) ("[T]he claim of a creditor who is not listed on an individual chapter 11 debtor's schedules will not be discharged unless the creditor had notice of the bankruptcy case in time to file a timely proof of claim.") (citing 11 U.S.C. § 523(a)(3)(A)). Creditors are entitled to "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 314 (1950).

"A debtor must list a creditor whose identity and claim he knows. The burden is on the debtor to cause formal notice to be given; the creditor who is not given

notice, even if he has actual knowledge of reorganization proceedings, does not have a duty to investigate and inject himself into the proceedings." *In re Maya Constr.*, 78 F.3d at 1399 (citing 11 U.S.C. § 521). A creditor is "known" if the creditor's identity is either known or "reasonably ascertainable by the debtor." *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 490 (1988). A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983). By contrast an "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to [the debtor's] knowledge." *Mullane*, 339 U.S. at 317. "The line between known and unknown creditors is not always obvious or easy to draw." *Goodall v. Chrysler, Inc. (In re Old Carco LLC)*, Nos. 09-50002 (SMB), 17-01185 (SMB), 2018 Bankr. LEXIS 2401, at *12 (Bankr. S.D.N.Y. Aug. 10, 2018). One bankruptcy court explained:

> Typically, a known creditor may have engaged in some communication with a debtor concerning the existence of the creditor's claim. This communication by itself does not necessarily make the creditor known. Direct knowledge based on a demand for payment is not, however, required for a claim to be considered "known." A known claim arises from facts that would alert the reasonable debtor to the possibility that a claim might reasonably be filed against it.

*In re Drexel Burnham Lambert Grp. Inc.*, 151 B.R. 674, 681 (Bankr. S.D.N.Y. 1993), aff'd, *In re Drexel Burnham Lambert Grp. Inc.*, 157 B.R. 532 (S.D.N.Y. 1993); see *Chemetron Corp. v. Jones*, 72 F.3d 341, 347 (3d Cir. 1995) ("The

requisite search instead focuses on the debtor's own books and records. Efforts beyond a careful examination of these documents are generally not required. Only those claimants who are identifiable through a diligent search are 'reasonably ascertainable' and hence 'known' creditors.").

Known creditors are entitled to direct notice of bankruptcy proceedings; those whose potential liability was not reasonably ascertainable need receive only notice by publication. *In re: Arch Wireless, Inc.*, 534 F.3d 76, 80–81 (1st Cir. 2008); *In re Maya Constr.*, 78 F.3d at 1399.

Old Republic posits that it was entitled to formal notice in Tamarack's bankruptcy case based on the June 5, 2019 letter informing Tamarack of a "potential subrogation" claim by Old Republic. ECF No. 18 at 2. However, the June 5, 2019 letter did not indicate that Old Republic was a potential subrogee of EstoAir, the company with which Tamarack had transacted regarding the Winglets retrofit kit, only of TEG Architects, which was not a known creditor to Tamarack. *See* ECF Nos. 20-1 at 4; 24-5 at 14. There is no indication that Old Republic informed Tamarack that it was subrogee of known creditor EstoAir; nor is there evidence in the record that confirms that Old Republic is the subrogee of either EstoAir or TEG Architects.

"To prevail on a request for additional discovery under Rule 56(d), a party must show that '(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts

are essential to oppose summary judgment.'" *Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 619–20 (9th Cir. 2017) (quoting *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008)). A party who fails to diligently to pursue discovery before summary judgment is not entitled to additional discovery under Fed. R. Civ. P. 56(d). *See Big Lagoon Rancheria v. California*, 789 F.3d 947, 955 (9th Cir. 2015) (en banc).

As the caselaw discussed above highlights, the question of whether Old Republic was a known creditor to Tamarack is fact intensive, and the parties have not yet had an opportunity to complete discovery regarding those facts. Moreover, without evidence supporting that Old Republic was a creditor to Tamarack, Old Republic's interests are too conjectural to preclude Tamarack from asserting affirmative defenses regarding the effect of the Order Confirming Plan on Old Republic's claims. *See Mullane*, 339 U.S. at 317. Furthermore, there is no indication of any failure to diligently pursue discovery by Tamarack. Rather, Old Republic filed its Motion for Partial Summary Judgment before the parties propounded any discovery requests.

In sum, the Court finds a genuine question of fact regarding whether Old Republic was a known creditor to Tamarack entitled to formal notice of Tamarack's bankruptcy. The Court further finds that Tamarack has shown that it requires an opportunity to obtain additional information regarding its sought-after facts. *See* ECF No. 24-6 at 2 (detailing discovery that Tamarack intends to seek).

Accordingly, the Court denies with leave to renew Plaintiff's Motion for Partial Summary Judgment, after discovery is conducted in this matter. *See* Fed. R. Civ. P. 56(d).

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Partial Summary Judgment, **ECF No. 18**, is **DENIED** with leave to renew as indicated above.

2. The parties' Stipulated Motion to Consolidate this case with consolidated Case No. 20-cv-60-RMP, **ECF No. 28**, is **GRANTED**. The Court directs the District Court Clerk to consolidate the docket for this case with the consolidated docket for Case No. 20-cv-60-RMP, which shall remain the docket on which all docket entries will be consolidated, and the docket on which all future filings will be made. *See* ECF No. 28.

3. A scheduling conference to determine a trial date for the Old Republic and Tamarack parties shall be scheduled by separate notice.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** June 30, 2021.

                                *s/ Rosanna Malouf Peterson*
                              ROSANNA MALOUF PETERSON
                                United States District Judge